**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CASSANDRA HUNT,

          Plaintiff,

v.                            CIVIL ACTION NO. 3:25-00558

JAMES EDWARD HOLLEY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that Defendant's motions for judgment on the pleadings be denied. Defendant has filed objections to the Magistrate Judge's findings and recommendations.

The Court, having reviewed, de novo, the pleadings and Defendant's objections, **ADOPTS** the Magistrate Judge's Findings and Recommendations.

**BACKGROUND**

**A. Plaintiff's Allegations**

According to Plaintiff's Amended Complaint, Plaintiff met Defendant through her friendship with Defendant's daughter. *See* ECF 1, Amend. Compl. ¶ 19. Plaintiff was a minor at the time; Defendant was an adult. *Id.* ¶¶ 17, 19. Plaintiff alleges that Defendant began communicating with her through social media. *See id.* ¶ 23. Plaintiff lived in Kentucky at the time. *See id.* ¶ 1.

The Complaint asserts that, while Plaintiff was still a minor, Plaintiff and Defendant met in person multiple times to engage in sexual activity. *See id.* ¶¶ 29–30, 32–36, 39–40. Plaintiff claims Defendant invited her to join his family on vacation in South Carolina, where Defendant and Plaintiff engaged in sexual activity. *See id.* ¶¶ 39–40. The Complaint also alleges Defendant "induced, persuaded, and coerced" Plaintiff to send him sexually explicit photos and videos, *id.* ¶ 31, and that Defendant recorded some of his sexual encounters with Plaintiff, *see id.* ¶ 37.

Plaintiff seeks damages pursuant to 18 U.S.C. § 2255. *See id.* ¶¶ 47, 50–51, 54, 58–59. Section 2255 provides a private cause of action for violations of several federal statutes, including 18 U.S.C. §§ 2251, 2252A, 2422, 2423, and 2427. 18 U.S.C. § 2255(a). Plaintiff also seeks damages for the intentional infliction of emotional distress. *See* Amend. Compl. ¶¶ 62, 66.

## B. The Magistrate Judge's Proposed Findings and Recommendations

After Defendant filed a Motion to Dismiss, *see* ECF 12, the Magistrate Judge directed Defendant to file a memorandum in support of the Motion. *See* ECF 14. Defendant than filed an additional Motion to Dismiss, *see* ECF 15, as well as a Memorandum of Law, *see* ECF 16.

Defendant's Memorandum argues Plaintiff's case should be dismissed because (1) "the Complaint lacks evidentiary support," (2) Plaintiff's claims are implausible because "Plaintiff's timeline is internally contradictory," (3) Plaintiff did not attach medical records to her Complaint, and (4) Plaintiff's claims are otherwise implausible. ECF 16, at 3.

The Magistrate Judge rejected Defendant's arguments. He first noted that, because Defendant filed his Answer before his motions to dismiss, Defendant's motions must be construed as motions for judgment on the pleadings. *See* ECF 18, PF&R 1. He then explained that Defendant's arguments are "merits-based" and "do not address whether Plaintiff has pleaded

plausible claims . . . ." *Id.* at 5. Accordingly, he recommended that the Court deny Defendant's

motions. *See id.* at 6.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same

standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107,

115 (4th Cir. 2013). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

Defendant raises six objections to the PF&R. *See* ECF 19, Def.'s Objs. 2, 4–5.

*First*, Defendant asserts the PF&R failed to "fully address whether the Complaint

sufficiently leads each statutory element . . . ." *Id.* at 2. The Court disagrees. The PF&R expressly

concluded that Plaintiff's Amended Complaint "contains sufficient factual matter to state plausible

claims for relief." PF&R 5. As discussed below, the Court agrees with this conclusion.

*Second*, Defendant argues the Amended Complaint fails to plead the elements of a § 2255

claim. *See* Def.'s Objs. 2. In particular, he asserts the Amended Complaint "does not clearly and

plausibly allege:" (1) "[t]he specific conduct satisfying each statutory element of § 2251 or §

2423," (2) "[t]he precise nature of any alleged production of visual depictions as required under §

2251," (3) "[t]he required intent elements associated with interstate transportation under § 2423,

and (4) "[a] sufficiently detailed factual basis connecting Defendant's alleged actions to the statutory violations." *Id.*

18 U.S.C. § 2251(a) provides that:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished . . . if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Plaintiff has plausibly alleged a violation of § 2251(a). According to the Amended Complaint, "Defendant induced, persuaded, and coerced the Victim to send him nude photographs of herself and sexual videos." Amend. Compl. ¶ 31. Plaintiff's allegation that Defendant had previously engaged in sexual activity with her allows the Court to infer that Defendant acted with the requisite intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court can further infer that Plaintiff transmitted the photographs and videos using materials shipped in interstate or foreign commerce. Plaintiff presumably sent the sexually explicit material using a cell phone or computer. *See* Amend. Compl. ¶ 23 (alleging Defendant communicated with Plaintiff through social media). Cell phones and computers are invariably shipped in interstate or foreign commerce.

Defendant takes issue with Plaintiff's failure to state the "precise nature of any alleged production of visual depictions . . . ." Def,'s Objs. 2. But Defendant cites no authority suggesting a § 2255 plaintiff must do so to survive a motion to dismiss.

18 U.S.C. § 2423, meanwhile, makes it unlawful to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense . . . ." 18 U.S.C. § 2423(a).

Defendant plausibly violated § 2423(a) by inviting Plaintiff to vacation with his family in South Carolina. Given Plaintiff and Defendant's preceding sexual communication and contact, the Court can infer that Defendant invited Plaintiff with the intent to engage in sexual activity with her.

Defendant argues that, to properly allege a § 2423 violation, a plaintiff must identify the "[s]pecific dates or time frames for the alleged interstate travel" and the "manner" in which Defendant transported Plaintiff across state lines. Def.'s Objs. 3. Defendant cites no authority indicating a § 2255 plaintiff must allege these facts to survive a motion to dismiss.

*Third*, Defendant asserts the Magistrate Judge considered conclusory statements in the Amended Complaint in recommending that the Court deny Defendant's motions. *See id.* at 4. But nothing in the PF&R indicates the Magistrate Judge considered conclusory statements in reaching his conclusion.

*Fourth*, Defendant argues this case should not proceed to discovery until Plaintiff has pleaded sufficient facts. *See id.* at 4. Since Plaintiff *has* pleaded sufficient facts, this objection is moot.

*Fifth*, Defendant asserts the "PF&R should . . . be rejected to the extent it treats [Plaintiff's] allegations as adequate merely because they are serious in nature." *Id.* at 5. But nothing in the PF&R indicates the Magistrate Judge reached his conclusion merely because Plaintiff's allegations are serious.

*Sixth*, Defendant argues "that the pleaded facts, even if taken as true, do not line up with the statutory requirements in a sufficiently specific and plausible way." *Id.* The Court disagrees. As discussed above, Plaintiff's Amended Complaint plausibly alleges that Defendant violated 18 U.S.C. §§ 2251 and 2423.

**CONCLUSION**

The Court **ADOPTS** the Magistrate Judge's Findings and Recommendations. The Court **DENIES** Defendant's Motions Under FR CIV 12(B) (ECF 12) and Motion to Dismiss with Prejudice (ECF 15).

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:    May 1, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE